## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**TOMMY GENE HAGAN**
     **Petitioner,**

**vs.**                                   **CASE NO.: 5:09cv186/RH/MD**

**KENNETH S. TUCKER,**
     **Respondent.[1]**

_____

## REPORT AND RECOMMENDATION

This case is before the court on petitioner Tommy Gene Hagan's ("Mr. Hagan") petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (docs. 16 and 25).  Petitioner then filed a response (doc. 24).  The matter was referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief and should be denied.

_____

[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.

## BACKGROUND AND PROCEDURAL HISTORY

Mr. Hagan was charged with three counts of sexual battery against a child in case number 2002-65CF in the Circuit Court of Jackson County, Florida, in violation of Sections 794.011(8)(c), 794.011(8)(b) and 794.011(2)(a), Florida Statutes (doc. 25-2, ex. B, pp. 24-25).  Mr. Hagan was tried by a jury and found guilty of the charges on January 28, 2003 for Counts I and II as to one victim (doc. 25-5, ex. C, p. 35), and in a separate trial on February 28, 2003 for Count III as to the other victim (doc. 25-6, ex. C, p. 21).  On February 11, 2003, the court adjudicated him guilty under Florida law for Counts I and II and sentenced him to life in prison and a concurrent term of 20 years with 330 days of credit time (doc. 25-5, ex. C, pp. 47-52).  On March 11, 2003, the court entered judgment adjudicating Mr. Hagan guilty under Florida law for Count III and sentenced him to  life in prison, crediting 360 days for time served (doc. 25-6, ex. C, pp. 34-38).  The trial court then designated Mr. Hagan a "sexual predator" in accordance with Section 775.21, Florida Statutes, due to his convictions under Counts I and II (doc. 25-13, ex. H, pp. 1-2)[2].

Mr. Hagan filed a consolidated appeal before the First District Court of Appeal ("First DCA") presenting two issues: (1) the trial court erred in admitting of similar fact evidence at both trials, and (2) the sexual predator statute, Section 775.21, Fla. Stat., is unconstitutional because it denies procedural due process (doc. 25-14, ex. J).  On December 20, 2004, the First DCA *per curiam* affirmed the convictions and sentences with a brief written opinion[3].  *Hagan v. State of Florida*, 888 So. 2d 758

---

[2] Section 775.21 of the Florida Statutes was enacted after the offenses for Count III.

[3] "Appellant, Tommy Gene Hagan, raises two issues on appeal. We affirm the first issue without further discussion. As to the second issue, wherein appellant challenges section 775.21, Florida Statutes (2003), we adhere to this Court's opinion in *Therrien v. State*, 859 So.2d 585 (Fla. 1st DCA 2003), review pending, No. SC 03-2219 (Fla. Dec. 18, 2003), and affirm appellant's judgment and sentence, finding that his designation as a sexual predator did not violate procedural due process under the federal or state constitutions. We again certify conflict with *Espindola v. State*, 855 So.2d 1281 (Fla. 3d DCA 2003), review pending, No. SC03-2103 (Fla. Nov. 10, 2003)." *Hagan v. State of Florida*, 888 So. 2d 758,

(Fla. 1st DCA 2004) (doc. 25-16, ex. L).  On December 29, 2004, Mr. Hagan appealed to the Florida Supreme Court (doc. 25-16, ex. N, pp. 8-9).  On July 20, 2006, Florida's high court denied the petition for discretionary review citing *Milks v. State*, 894 So. 2d 924 (Fla. 2005).  *Hagan v. State of Florida*, 937 So. 2d  122 (Fla. 2006) (Table).

On September 27, 2007, Mr. Hagan filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (doc. 25-17, ex. R, pp. 8-36).  He presented eight grounds for relief based on ineffective assistance of counsel.  *Id.*  The Rule 3.850 court denied all of Mr. Hagan's grounds for relief and entered a written order on August 25, 2008 (doc. 25-18, ex. R, pp. 40-43).

Mr. Hagan filed a notice of appeal on September 22, 2008 (doc. 25-20, ex. S).  On April 16, 2009, the First DCA *per curiam* affirmed the Rule 3.850 court's decision *Id.*  The mandate issued on May 12, 2009 (doc. 25-20, ex. T).

On August 10, 2010, Mr. Hagan filed the instant petition for writ of habeas corpus[4] (doc. 1).  A response was filed in opposition (doc. 16) and Mr. Hagan replied (doc. 24). Respondent concedes that the petition is timely (doc. 16, p. 6).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

---

759 (Fla. 1st DCA 2004).

[4]Mr. Hagan did not include all grounds of his appeals in the instant petition.  Therefore, only those included in the petition are discussed *infra*.

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

      (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[5]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111 (2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state

---

[5]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling. *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes. *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *see* 28 U.S.C. § 2254(d)(1). The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400 (2011)

(holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam)).  A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 556 U.S. at 261.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination.  *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  *Id.* at 1288-89.  Mr. Gill's petition alleged he was denied his Sixth

Amendment right to counsel.[6]  *Id.* at 1288.  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[7]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion."  *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill*

---

[6]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI.  The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835 (1975) (accused must "knowingly and intelligently" waive representation.  The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy.  *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which the district court denied with prejudice.  *Id.*

[7]  The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues.  First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court."  *Gill*, 633 F.3d at 1288.  Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.*  Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel.  *Id.*

concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).   In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[8]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.   *Id.* at 1292.   A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786*.   Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* (internal quotations omitted)

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007).

---

[8]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a). When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel

Petitioner contends in his grounds for relief before this court that he was denied his constitutional right to the effective assistance of counsel.  The Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel, petitioner must prove that:   (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984); *see also Berghuis v. Thompkins,* __ U.S. __, 130 S. Ct. 2250, 2264-65 (2010).  Reasonableness of

representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler*, 218 F.3d at 1314.  Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").  The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.  And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately." *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires a good deal less than maximum performance.")

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693; *see also Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005). Petitioner must show a reasonable probability exists that the outcome would have been different. *Frazier v. Bouchard*, 661 F.3d 519, 532 (11th Cir. 2011); *Marquard*, 429

F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694.   In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.   As it relates to habeas corpus applications, the Supreme Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.   Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).   When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted); *Knowles*, 556 U.S. at 262 (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).   "'The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, [which] is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'"   *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 785).   Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under Section 2254(d) and

*Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.

**Exhaustion of state remedies and procedural default**

A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right).  *But see* 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).  To satisfy the exhaustion requirement, petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365-66; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court.  *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar

document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it." *Dye v. Hofbauer*, 546 U.S. 1, 3 (2005).  And, simply labeling the claim "federal" may be sufficient to fairly present the claim.  *Baldwin*, 541 U.S. at 32 (dictum).

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases.  *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us.").  This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution.  *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)).  If state and federal constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue.  *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules.  *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural

grounds generally precludes subsequent federal habeas review of that claim). Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[9]  *Coleman*, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.  *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee*, 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.  *Maples v. Allen*, 586 F.3d 879, 888 (11th Cir. 2009) (citing *Lee,* 534 U.S. at 385-88) (cert. granted by Supreme Court, 131 S. Ct. 1718 (2011)) .

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim, prevented petitioner from raising the claim.  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited

---

[9]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63).  To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.  *Id.*


<u>Deference to state court findings of fact</u>

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable.  *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'").  Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.

*Early*, 537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue."  *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")


## PETITIONER'S GROUNDS FOR RELIEF


<u>Ground One</u>          <u>Denial of Due Process by Trial Court Allowing the Admittance of Similar Fact Evidence by Three State Witnesses</u>

Mr. Hagan alleges that the trial court erred in allowing the testimony of three state witnesses because the evidence lacked sufficient similarity to the charged offenses (doc. 1 and doc. 25-14, ex. J, pp. 28-41).  Mr. Hagan contends that this similar fact testimony, known as *Williams*[10] rule evidence, differed in the type, time period and location of the sexual abuse.  *Id.*  He argues that this evidence served only to prove propensity for depraved sexual behavior.  *Id.*  He concludes that this evidence was improperly admitted under Section 90.403, Florida Statutes, because of its substantial undue prejudice.  *Id.*

---

[10] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

**State Court Decision**

The First DCA *per curiam* affirmed the trial court's judgments and sentences with a brief opinion, *supra*, which did not discuss this issue.  *Hagan v. State of Florida*, 888 So. 2d 758 (Fla. 1st DCA 2004) (doc. 25-16, ex. L).

**Federal Review of State Court Decision**

In his direct appeal to the First DCA, Mr. Hagan raised this claim strictly in state law evidentiary grounds, failing to cite any  federal case, or even mention the United States' Constitution in support of his arguments (doc. 25-14, ex. J, p. 28-41). In fact, it is in the instant writ of habeas corpus that Mr. Hagan asserts for the first time his U.S. constitutional right to due process under the Fourteenth Amendment and fundamental right to a fair trial while presenting the same evidentiary arguments that the First DCA dismissed (doc. 1).

Therefore, Mr. Hagan failed to present this claim fairly to the state court so as to put it on notice of its federal nature.  *Duncan*, 513 U.S. at 365-66.  Now, any further attempt at exhaustion in Florida courts would be futile because Mr. Hagan's claim would be procedurally barred under Florida law.  *See Rodriquez v. State*, 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.")

Moreover, Mr. Hagan has made none of the requisite showings to excuse his default.  He has not proffered any official impediment as the cause for his failure to fairly present this constitutional claim before the state courts.  Additionally, he has not presented the kind of new relevant evidence of innocence - not presented at trial - that would justify making a miscarriage of justice exception like in *Schlup,* 513 U.S.

at 327.[11]   Thus, this claim is procedurally defaulted and barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

<u>Ground Two</u>        <u>Florida's Sexual Predator Statute, Section 775.21, Fla. Stat., is Unconstitutional</u>

       Mr. Hagan contends that Section 775.21 of the Florida Statutes, known as the "sexual predator" statute, is unconstitutional because it deprives him of his procedural due process rights under the Fourteenth Amendment of the U.S. Constitution (doc. 25-14, ex. J, pp. 41-55).  He argues that he should have received a hearing before the trial court assigned him sexual predator status and cites *Espindola v. State*, 2003 WL 118634 (Fla. 3rd DCA January 15, 2003) in support of this proposition.  *Id.*

       <u>State Court Decision</u>
       The First DCA *per curiam* affirmed the trial court's judgments and sentences with a brief opinion, *supra*, addressing this issue.  *Hagan v. State of Florida*, 888 So. 2d 758 (Fla. 1st DCA 2004) (doc. 25-16, ex. L).  The Florida Supreme Court denied its discretionary review and cited its decision in *Milks v. State*, 894 So. 2d 924 (Fla. 2005).  *Hagan v. State of Florida*, 937 So. 2d  122 (Fla. 2006) (Table).

---

[11]   The Supreme Court recently gave a specific example of the kind of new evidence necessary to excuse a procedural default.  *See House v. Bell*, 547 U.S. 518 (2006) (holding that there was sufficient evidence to allow the exception where there was new DNA evidence that contradicted the state's case; there was scientific evidence that the bloodstains upon which the state relied were the result of faulty evidence handling by law enforcement; there were new independent witnesses who credibly pointed to the likelihood that the murder was committed by someone else; and there was other evidence tending to negate the state's evidence).

**Federal Review of State Court Decision**

The Supreme Court has repeatedly held that a federal habeas court is bound by a state court's interpretation of state law. *E.g., Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (Ohio transferred intent doctrine); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (California rules of evidence); *accord Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (Florida rules of evidence). Therefore, this court defers to the state court's interpretation of state law.

In *Milks*, the Florida Supreme Court decided that Section 775.21 of the Florida Statutes does not require an evidentiary hearing. *Milks*, 894 So. 2d at 926-29 (due process does not require evidentiary hearing to determine whether convicted sex offenders subject to sexual predator classification presented danger to community, and adjudication as sexual predator subject to Act's requirements based solely on qualifying conviction did not violate separation of powers doctrine).

Moreover, Mr. Hagan admits that the United States Supreme Court has decided that these types of sexual predator statutes are constitutional, and do not require a hearing. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003) (Due Process Clause does not entitle offenders to hearing to determine whether they were currently dangerous before their inclusion in publicly disseminated sex offender registry); *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (Because the Alaska Sex Offender Registration Act is nonpunitive, its retroactive application does not violate the Ex Post Facto Clause).

Mr. Hagan's attempts to differentiate the Florida statute to those reviewed by the Supreme Court in *Connecticut Department of Public Safety* and *Smith* are unpersuasive. In those cases, the Supreme Court upheld the constitutionality of virtually identical statutes from Connecticut and Alaska. Therefore, the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.   28 U.S.C. §

2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Hagan is not entitled to federal habeas relief, and the writ should not issue.

| Ground Three | Ineffective Assistance of Counsel Due to Failure to Investigate Allegations and Elements of the Charging Information for Statutory Compliance and Jurisdictional Questions because the Information Incorporated Elements of Two Mutually Exclusive Offenses within the Individual Counts I and III. |
|---|---|

Mr. Hagan claims that his counsel was ineffective for failing to move for a dismissal of the information based on duplicity because two or more separate crimes were allegedly joined in a single count (doc. 25-17, ex. R, pp. 20-25).  Mr. Hagan states that in the alternative his counsel could have moved for a judgment of acquittal, mistrial or new trial based on double jeopardy.  *Id.*  Mr. Hagan bases his arguments on the alleged common-law calculation of age for purposes of the undefined "person less than 12 years of age" wording in Counts I and III.

### State Court Decision

The Rule 3.850 court did not hold a hearing and issued an opinion deciding that Mr. Hagan failed to establish prejudice or a double jeopardy violation because each count of the information charged only one crime (doc. 25-18, ex. R, pp. 41).  It explained that "Counts I and III were separate offenses of sexual battery on separate victims." *Id.*  Even though these counts were charged in the same information, "they were severed for separate trials on separate dates with different juries."  *Id.*  The Rule 3.850 court concluded that "[t]here was no 'dual age factor' in the information, and [Mr. Hagan] was correctly charged with sexual battery of a child less than 12 years of age."  *Id.*

<u>Federal Review of State Court Decision</u>

As discussed in detail above, this court owes deference to the state courts' rulings on state law, and cannot disturb them so long as there was a "satisfactory conclusion."  *Williams,* 529 U.S. at 410-12.

The trial court's records show two trials for two different victims.  In fact, Mr. Hagan discusses both trials in his appeals and petition for habeas relief.  Therefore, it is not an unreasonable determination by the Rule 3.850 court that Mr. Hagan was not subjected to a double jeopardy violation because Count I and Count III relate to two separate victims of sexual battery.  Mr. Hagan's other contention about the calculation of the victims' age is also without merit.  Mr. Hagan has proffered no evidence or case law to support his creative interpretation of the phrase in the charged statute: "person less than 12 years of age."  His counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)), cert. denied, 531 U.S. 1131 (2001).

The Rule 3.850 court's decision that Mr. Hagan failed to establish prejudice is not an unreasonable application of *Strickland*.  The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Hagan is not entitled to federal habeas relief, and the writ should not issue.


<u>Ground Four</u>    <u>Ineffective Assistance of Counsel Due to Failure to Properly Argue the Suppression of Emails Admitted as Evidence at Trial or Alternatively to Move to Sever Counts I and II for Trials.</u>


Mr. Hagan contends that his counsel was ineffective because although he moved to suppress the emails based on authentication, his counsel should have

argued that their prejudicial nature outweighed their probative value (doc. 25-17, ex. R, pp. 15-18).  Mr. Hagan notes that the emails were dated after the victim was over 12 years old, and therefore alleges that they would have been inadmissible for Count I.  *Id*.  Mr. Hagan argues that despite his counsel moving to sever Counts I and II for trial, the motion lacked specificity and did not mention the emails as a reason for doing so.  *Id*.

### State Court Decision

The Rule 3.850 court did not hold a hearing and issued an opinion holding that Mr. Hagan's contentions were refuted by the record because his counsel properly objected to the admission of the emails, but the objection was overruled (doc. 25-18, ex. R, pp. 40-41).    It further stated that Mr. Hagan's counsel did move to sever Counts I and II for trial, but the motion was denied.  *Id*.  The Rule 3.850 court also noted that defense counsel continued to object to the emails throughout the trial. *Id*.  It noted that Mr. Hagan's counsel also raised this issue in his motion for a new trial, which the trial court denied.  *Id*.  The Rule 3.850 court concluded that the emails were "authenticated and admissible as statements against interest by [Mr. Hagan]." *Id*.  It further rejected Mr. Hagan's claim that the admission of the emails unfairly prejudiced him due to the lack of evidence on Count I because the victim testified in detail about being sexually molested since she was four years old.  *Id*.  There was also similar fact evidence in the record as to Mr. Hagan doing the same offenses against three other victims under the age of 12.  *Id*.

### Federal Review of State Court Decision

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that

AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

Mr. Hagan asserts that counsel should have argued unfair prejudice as to the emails, and that his failure to do so this constituted deficient performance and was prejudicial. It was neither. Counsel's performance was not deficient merely because it was not perfect.

> "[J]udicial scrutiny of counsel's performance must be highly deferential." Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . In light of the "strong presumption in favor of competence," we have held that in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687, 689-90 and *Chandler*, 218 F.3d at 1315).

*United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). In the context of this case, Mr. Hagan must convince this court that *no other lawyer* would have advanced the authentication argument as opposed to the unfair prejudice one. He has not. A court must not second-guess counsel's strategy. *Waters*, 46 F.3d at 1518-19 (en banc). Mr. Hagan's counsel did attempt to suppress the emails throughout the trial, but without success. Thus, Mr. Hagan failed to prove his trial counsel's performance was deficient or that he suffered prejudice.

The state court's ruling was not unreasonable under *Strickland*, did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409. Mr. Hagan is not entitled to federal habeas relief, and the writ should not issue.

**Ground Five**          **Ineffective Assistance of Counsel Due to Failure to Object to State's Oral Amendment of the Information as to Count III**

Mr. Hagan asserts that in Count III he was convicted under a statute that was not in existence when the offenses took place (doc. 25-17, ex. R, pp. 25-25, 30-33). He contends that his trial counsel's performance was deficient because he failed to object to the prosecution's oral amendment to correct a scrivener's error, to wit amending Count III's statute from Section 784.011[12] to 794.011(2)(a)[13], Fla. Stat. *Id.*

### State Court Decision

The Rule 3.850 court did not hold a hearing and issued an opinion holding that "[t]he typographical error in the numerical citation of the statute as stated in the information did not mislead or prejudice [Mr. Hagan]." (doc. 25-18, ex. R, p. 41). It explained that "[a]lthough there were some minor changes to the statute in 1993, they were not substantial, and the wording of Count III in the information itself substantially tracts the language of § 794.011(2) as it existed in 1991[14]." *Id.*

---

[12]Florida Statutes Section 784.011 states that:
> (1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
> (2) Whoever commits an assault shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

[13]The current Florida Statutes Section 794.011(2)(a), effective on October 1, 1993, states that:
> A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
Section 794.011 has been amended since then, but there have been no amendments to its Subsection 2(a).

[14]In 1991, Florida Statutes Section 794.011(2) read as follows:
> A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person is guilty of a life

### Federal Review of State Court Decision

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

Under Florida law, an information may be substantively amended during trial, even over the objection of the defense, in the absence of a showing of prejudice to the substantial rights of the accused. *See State v. Anderson*, 537 So.2d 1373, 1375–76 (Fla. 1989); *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801 (11th Cir. 2011) (unpublished).  In this case the amendment was necessary because it was the correct charge: sexual battery of a child less than 12 years old by a family member over 18 years old.  The inclusion of Section 784.011 in Mr. Hagan's information was clearly a typographical error.  Mr. Hagan was charged at all times for sexual battery against a child and not simple assault.  Mr.  Hagan's counsel cannot be deemed ineffective for failing to raise an issue that is without merit.  *Nyhuis*, 211 F.3d at 1344.  The Rule 3.850's decision was not unreasonable under *Strickland*.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Hagan is not entitled to federal habeas relief, and the writ should not issue.

---

felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

## CONCLUSION

The undersigned has carefully reviewed both trial transcripts, post-conviction motions, orders, records on appeal, and all submissions in this proceeding.  Mr. Hagan's claims are either not exhausted or without merit.  He is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1),
challenging the conviction and sentence in *State of Florida v. Hagan* in the Circuit
Court of Jackson County, Florida, case no. 02-65CF, be DENIED and the clerk be
directed to close the file.

2.      That a certificate of appealability be DENIED.


At Pensacola, Florida, this 23rd day of January, 2012.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed
within fourteen days after being served a copy hereof.  Any different deadline that
may appear on the electronic docket is for the court's internal use only, and does not
control.  A copy of any objections shall be served upon any other parties.  Failure to
object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. §
636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**


*Case No. 5:09cv186/RH/MD*