IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TOMMY GENE HAGAN,

    Petitioner,

v.                                                 CASE NO.  5:09cv186-RH/MD

KENNETH S. TUCKER,

    Respondent.

_____/

**ORDER DENYING THE PETITION AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 31, and the objections, No. 35.  I have reviewed *de novo* the issues raised by the objections.  The report and recommendation is correct and is adopted as the court's opinion.

    The petitioner's principal contention as set out in the objections is frivolous on its face.  The petitioner challenges his convictions of sexual battery on two separate victims under the age of 12.  One victim was born on October 17, 1987.  The charge was that the petitioner sexually battered the victim during a period ending on October 16, 1999.  The petitioner asserts that a person born on October

17, 1987, somehow turns 12 on October 16, 1999.  In support the petitioner invokes the alleged common-law rule that a person is deemed to be born at the earliest moment of the day of the birth.  Perhaps.  But 12 years from the earliest moment of October 17, 1987, is the earliest moment on October 17, 1999; no amount of alchemy can change the birthday to the day before.  As of October 16, 1999, the victim was under age 12.  The petitioner's contrary contention is frivolous.  The petitioner makes an analogous and equally frivolous contrary contention for the second victim.

One other matter deserves mention.  The report and recommendation correctly notes that, as the respondent has admitted, the petition was timely filed.  But the report and recommendation includes a scrivener's error, saying the petition was filed on August 10, 2010.  ECF No. 31 at 3.  In fact, the petition was delivered to prison officials for mailing—and thus is deemed filed—on May 8, 2010, and it was received by the clerk and docketed on May 13, 2010.  The May 8 filing made the petition timely, even though a filing on August 10 would not have been.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003);

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

The petitioner has not made the required showing.

For these reasons,

IT IS ORDERED:

    1.  The report and recommendation is ACCEPTED.

    2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3. A certificate of appealability is DENIED.

4. The clerk must close the file.

SO ORDERED on March 7, 2012.

s/Robert L. Hinkle
United States District Judge
